## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**SCOTT A. STANLEY,**
        **Petitioner,**

**v.**                                           **Case No. 4:09cv164/SPM/MD**

**KENNETH S. TUCKER[1],**
        **Respondent.**

_____

## REPORT AND RECOMMENDATION

This case is before the court on Scott A. Stanley's ("Mr. Stanley") March 25, 2009 petition for habeas corpus (doc. 1) filed pursuant to 28 U.S.C. § 2254. Respondent filed an answer (doc. 8) and relevant portions of the state court record (doc. 15). Mr. Stanley filed a response to the answer (doc. 12). The matter was referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration of all issues raised by petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. It is further the opinion of the undersigned that the pleadings and attachments before the court show that Mr. Stanley is not entitled to relief, and the petition should be denied.

_____

[1]Kenneth S. Tucker became Secretary of the Florida Department of Corrections on August 24, 2011, and is substituted as the respondent.

## BACKGROUND AND PROCEDURAL HISTORY

On October 3, 2006, Mr. Stanley was charged by second amended information with count 1 resisting officer with violence and count 2 battery on law enforcement officer in violation of Sections 843.01 and 784.07(2)(b) respectively, Florida Statutes, in the Circuit Court of Leon County, Florida in case number 05CF03352 (doc. 15, ex. A)[2].  The charges stemmed from an incident on September 13, 2005 at the Leon County Courthouse where Mr. Stanley, while being moved to a different cell, grabbed Deputy Bobby D. Phillips ("victim") causing him to fall and then kicked him in the leg. *Id*.  On October 4, 2006, Mr. Stanley was found guilty by a jury of count 1 and as to count 2 the lesser included offense of battery, Section 784.03 of Florida Statutes (ex. B, pp. 138-139 and C).  The court declared him a habitual violent felony offender, and sentenced him to three years in prison for count 1 to run consecutively with any prior sentences that he was currently serving, and time served on count 2 (ex. B, pp. 139-159 and ex. C).

Mr. Stanley filed a motion for post conviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure (ex. D), and then addenda to the motion (ex. E and Ex. F).  The Rule 3.850 court held an evidentiary hearing on July 12, 2007 (ex. G).  On July 26, 2007, Mr. Stanley then filed another addendum to his Rule 3.850 motion, which summarized his prior arguments and added additional ones (ex. H).  The Rule 3.850 court ruled on all of Mr. Stanley's arguments and denied post-conviction relief in a written order issued on October 5, 2007 (ex. I).

Mr. Stanley filed a Notice of Appeal with the Florida First District Court of Appeal ("First DCA") (ex. J).  He raised seven issues in his initial brief:  (1) "The [Rule 3.850] court erred by denying relief for [his] claim that prejudice was caused by the state failing to disclose numerous favorable witness statements until

---

[2]Hereinafter, all references to exhibits will be to those provided at Doc. 15.

approximately one year after said statements had been obtained;" (2) "The  [Rule 3.850] court erred by denying [his] claim that the state prejudiced the defense and committed a *Brady* violation by failing to disclose a video recording of the incident that resulted in the lower tribunal case;" (3) "The [Rule 3.850] court erred by failing to properly address the fact that state witness Alfred Carter claimed the state made an agreement with him in exchange for his testimony, which was not disclosed to the defense prior to trial for impeachment purposes;" (4) "The trial court committed fundamental error by denying [his] motion for self-representation prior to trial;" (5) "The trial court committed fundamental error by knowingly appointing counsel with conflict;" (6) "The trial court committed fundamental error by failing to give proper jury instructions, resulting in a defective verdict;" and (7) "The [Rule 3.850] court erred by refusing to allow [him] to submit to a computerized voice-stress analysis, which is admissible evidence, to confirm the truthfulness of his statements." Ex. K, pp. 2-4.  The state filed its answer (ex. L).  On November 17, 2008, the First DCA issued a per curiam opinion affirming in part and reversing in part the Rule 3.850 court's denial of post-conviction relief (ex. M).  In its opinion the First DCA reversed only the ground referring to the testimony of Alfred Carter and remanded to the lower court to hold an evidentiary hearing on the issue.  *Id*.

On February 9, 2009, the Rule 3.850 court held another evidentiary hearing pursuant to the First DCA's mandate (ex. N).  After the trial prosecutor testified and evidence was entered into the record, Mr. Stanley withdrew his claim in open court. *Id*. at 17.  The Rule 3.850 court denied the claim in a written order dated February 17, 2009 (ex. O).

Mr. Stanley filed the instant petition for federal writ of habeas corpus on March 25, 2009 (doc. 1), and respondent concedes its timeliness (doc. 8, p. 6).

## STANDARD OF REVIEW

Federal courts may issue habeas corpus relief for persons in state custody pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").   Pub. L. 104-132, § 104, 110 Stat. 1214, 1218-19 (1996).  In relevant part, Section 2254 provides:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2006).

The Supreme Court explained the framework for Section 2254 review in *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).[3]  Section 2254(d)(2) must be divided into two separate inquiries:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct

---

[3] Unless otherwise noted, references to *Williams* are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367–75, 390–99); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and—except as to the footnote—Scalia) in part II (529 U.S. at 403–13).  The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

> governing legal principle from this Court's decisions but unreasonably
> applies that principle to the facts of the prisoner's case.

*Id.* at 412–13 (O'Connor, J., concurring).  The federal habeas court "determining whether [it] should overturn the state courts' [sic] rejection of the claim at issue" should "review the highest state court decision disposing of the claim."  *Harvey v. Warden, Union Corr. Inst.*, 629 F.3d 1228, 1237 (11th Cir. 2011); *see also Knowles v. Mirzayance*, 556 U.S. 111, 129 S. Ct. 1411, 173 L. Ed. 2d 251(2009).

Following the *Williams* framework, on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a formal state court proceeding, the federal court should first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision."  *Lockyer v. Andrade*, 538 U.S. 63, 71-72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003).  The law is "clearly established" only when the Supreme Court's holding embodies the legal principle; dicta in opinions is not controlling.  *Thaler v. Haynes*, __ U.S. __, 130 S. Ct. 1171, 1173, 175 L. Ed. 2d 1003 (2010); *Bowles v. Sec'y for Dep't of Corr.*, 608 F.3d 1313, 1315 (11th Cir. 2010).  Furthermore, a federal court of appeals decision, "even a holding directly on point," cannot clearly establish federal law for Section 2254 purposes.  *Bowles*, 608 F.3d at 1316 (citing *Renico v. Lett*, __ U.S. __, 130 S. Ct. 1855, 1866, 176 L. Ed. 2d 678 (2010)).

After identifying the governing legal principle, the court determines whether the state court adjudication is "contrary to" clearly established Supreme Court case law, either because the state court "applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or because it "confronts a set of facts that is materially indistinguishable from a decision of [the] Court but reaches a different result."  *Brown v. Payton*, 544 U.S. 133, 141, 125 S. Ct. 1432, 161 L. Ed. 2d 334 (2005); *see* 28 U.S.C. § 2254(d)(1).  The state court does not need to cite to Supreme Court

cases or even be aware of them, "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002).  If the state court decision is contrary to clearly established federal law, the federal habeas court must independently consider the merits of petitioner's claim.

If the state court decision is not contrary to clearly established federal law, the federal habeas court must then determine whether the state court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases.  28 U.S.C. § 2254(d)(1); *Williams*, 529 U.S. at 412–13.  The federal court defers to the state court's reasoning unless the state court's application of the legal principle was "objectively unreasonable" in light of the record the court had before it.  *Williams*, 529 U.S. at 409; *see Cullen v. Pinholster*, __ U.S. __, 131 S. Ct. 1388, 1400, 179 L. Ed. 2d 557 (2011) (holding new evidence introduced in federal habeas court has no bearing on Section 2254(d)(1) review, rejecting dicta in *Holland v. Jackson*, 542 U.S. 649, 652, 124 S. Ct. 2736, 159 L. Ed. 2d 683 (2004) (per curiam)).  A state court's application of federal law is objectively unreasonable when the state court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." *Brown*, 544 U.S. at 141.  However, a state court may "decline to apply a specific legal rule that has not been squarely established by [the Supreme Court]" without running afoul of the "unreasonable application" clause.  *Knowles*, 556 U.S. at 261.  Notably, even a state court's incorrect application of law will not warrant federal habeas relief unless it is also objectively unreasonable.  *See Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 785-86, 178 L. Ed. 2d 624 (2011).

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in state court where that adjudication "resulted in a decision that was based

on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."   28 U.S.C. § 2254(d)(2).   As with the "unreasonable application" clause, the Supreme Court applies the "objectively unreasonable" test to the state court's factual determination.  *Miller-El v. Cockrell*, 537 U.S. 322, 324, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (dictum).  Petitioner must advance clear and convincing evidence that the state court's factual determination was "objectively unreasonable" to rebut the presumption that the determination was correct.  *Gill v. Mecusker*, 633 F.3d 1272, 1287 (11th Cir. 2011); 28 U.S.C. § 2254(e)(1).

The Eleventh Circuit in *Gill* clarified how the federal habeas court should address the "unreasonable application of law" and the "unreasonable determination of facts" tests.  *Id.* at 1288-89.  Mr. Gill's petition alleged he was denied his Sixth Amendment right to counsel.[4]  *Id.* at 1288.  The Eleventh Circuit granted a limited Certificate of Appealability to determine the precise issue of the validity of "summary affirmance by a state appellate court of a trial court's decision based on potentially flawed reasoning."  *Id.* at 1286.[5]

---

[4]  Mr. Gill twice moved the trial court in pretrial hearings to allow him to waive his Sixth Amendment right to counsel.  *Gill*, 633 F.3d at 1275-84; U.S. Const. amend. VI.  The trial court denied the first motion concluding that Mr. Gill's waiver of counsel was not knowing and intelligent.  *Gill*, 633 F.3d at 1278; *see Faretta v. California*, 422 U.S. 806, 835, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975) (accused must "knowingly and intelligently" waive representation).  The trial court also denied the second motion, but allowed Mr. Gill to act as co-counsel for himself only for determining trial strategy. *Gill*, 633 F.3d at 1284. After Mr. Gill was convicted and timely requested post-conviction relief, the Florida Second District Court of Appeal ("Second DCA") affirmed without opinion the trial court's denial of said relief.  *Id.* at 1284-85.  Mr. Gill then filed a petition in federal court, which the district court denied with prejudice.  *Id.*

[5]  The Eleventh Circuit reviewed Mr. Gill's claims that the district court erred in its habeas corpus analysis as to two issues.  First, Mr. Gill argued that the habeas court erred by "failing to review on the merits the 'legally and factually unsupported rationale' articulated by the state trial court."  *Gill*, 633 F.3d at 1288.  Second, Mr. Gill argued the habeas court's decision was *per se* erroneous because it "relied on a finding that the state court did not make."  *Id.*  Specifically, Mr. Gill averred that the trial court denied relief by finding that his Sixth Amendment waiver was not knowing and intelligent, while the federal district court denied relief by finding that he "never clearly and unequivocally" waived his right to counsel.  *Id.*

The *Gill* court acknowledged the well-settled principle that summary affirmances, such as the Second DCA's, are presumed adjudicated on the merits and warrant deference.  *Id.* at 1288 (citing *Harrington*, 131 S. Ct. at 784-85 and *Wright v. Sec'y for the Dep't of Corr.*, 278 F.3d 1245, 1254 (11th Cir. 2002)).  "A judicial decision and a judicial opinion are not the same thing," and the Supreme Court has confirmed that determining whether the state court unreasonably applied the law or unreasonably determined the facts requires only a decision, not an opinion.  *Id.* at 1291 (citing *Harrington*, 131 S. Ct. at 784).  Yet, the Supreme Court has never squarely addressed whether under the "unreasonable application" test a federal habeas court "looks exclusively to the objective reasonableness of the state court's ultimate conclusion or must also consider the method by which the state court arrives at its conclusion."  *Id.* at 1289 (quoting *Neal v. Puckett*, 286 F.3d 230, 244-45 (5th Cir. 2002) (summarizing the emerging circuit split)).  The Eleventh Circuit in *Gill* concluded that district courts must apply the plain language of Section 2254(d) and answer the "precise question" raised in a claim based on the state court's ultimate legal conclusion, and should not "evaluate or rely upon the correctness of the state court's process of reasoning."  *Id.* at 1291 (agreeing with the Fifth Circuit court in *Neal*, 286 F.3d at 244-45).  In short, the Eleventh Circuit held that "the statutory language focuses on the result, not on the reasoning that led to the result."  *Id.*[6]

In light of *Gill*, the "unreasonable determination of facts" standard plays a limited role in habeas review because the district court considers the reasonableness of the trial court's fact finding only to the extent that the state court's ultimate conclusion relied on it.  *Id.* at 1292.  A federal habeas court can consider the full record before it in order to answer "the only question that

---

[6]  Applying this analysis, the Eleventh Circuit rejected Mr. Gill's claim that the district court erred by relying on different grounds than the trial court because Mr. Gill's basic premise—the Second DCA's summary affirmance relied on the trial court's statements from the bench—was not dispositive. *Id.* at 1288.

matters[:]" whether the state court's decision was objectively unreasonable. *Lockyer*, 538 U.S. at 64; *Gill*, 133 F.3d at 1290.

The Supreme Court recently summarized the meaning and function of habeas corpus in the federal system:

> Under §2254, a habeas court must determine what arguments or theories supported or . . . could have supported [ ] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of this Court.

*Harrington,* 131 S. Ct. at 786. Federal habeas relief is precluded "so long as fairminded jurists could disagree on the correctness of the state court's conclusion." *Id.* (internal quotations omitted)

The federal habeas court will take the final step of conducting an independent review of the merits of petitioner's claims only if it finds that petitioner satisfied AEDPA and Section 2254(d). *See Panetti v. Quarterman*, 551 U.S. 930, 953-54, 127 S. Ct. 2842, 168 L. Ed. 2d 662 (2007). The writ will not issue unless petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a). When performing its review under Section 2254(d), the federal court must resolve all claims for relief regardless of whether habeas relief is granted or denied. *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992) (en banc); *see also Puiatti v. McNeil*, 626 F.3d 1283, 1307 (11th Cir. 2010). The federal court must also bear in mind that state court factual determinations are presumed to be correct, and petitioner bears the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Crawford v. Head*, 311 F.3d 1288, 1295 (11th Cir. 2002) (AEDPA provides for a "highly deferential standard of review" for factual determinations made by a state court); *Jackson v. Anderson*, 112 F.3d 823, 824-25 (noting petitioner has heavier burden to overcome the presumption of factual correctness). "If this standard is difficult to meet, that is because it was meant to be." *Harrington*, 131 S. Ct. at 786.

## OTHER CONTROLLING LEGAL PRINCIPLES

### Exhaustion of state remedies and procedural default

A petitioner defaults on an issue unless the petitioner first exhausts available state court remedies so the state has the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam); *see* 28 U.S.C. § 2254(b)(1)(A) (applicant must exhaust available state court remedies); 28 U.S.C. § 2254(b)(3) (state may rely on exhaustion requirement unless it expressly waives the right). *But see* 28 U.S.C. § 2254(b)(2) (application may be denied on the merits even when applicant fails to exhaust state remedies).   To satisfy the exhaustion requirement, petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim.  *Duncan*, 513 U.S. at 365-66; *see O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999) (same).  This affords the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan*, 526 U.S. at 845.

"Fair presentation" requires that, in each claim for relief, petitioner include a reference to a specific federal constitutional guarantee and a statement of the facts that entitle petitioner to relief.  *Picard v. Connor*, 404 U.S. 270, 278, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971).  To satisfy the exhaustion requirement, petitioner must present the same facts and claims in state court about which he petitions the federal court.  *Id.*  Appeals to a broad, general constitutional guarantee also fail to present the "substance" of such a claim to the state court.  *See Anderson v. Harless*, 459 U.S. 4, 7, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982) (petitioner cited federal authority only by referring to a state court decision in which "the defendant. . . asserted a broad

federal due process right to jury instructions that properly explain state law" (internal quotation marks omitted)). A state prisoner's claim is not fairly presented if the state court "must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material. . .." *Baldwin v. Reese*, 541 U.S. 27, 32, 124 S. Ct. 1347, 158 L. Ed. 2d 64 (2004). However, when a petitioner squarely raises a federal constitutional claim in state court, the "failure of a state court to mention a federal claim does not mean the claim was not presented to it." *Dye v. Hofbauer*, 546 U.S. 1, 3, 126 S. Ct. 5, 163 L. Ed. 2d 1 (2005). And, simply labeling the claim "federal" may be sufficient to fairly present the claim. *Baldwin*, 541 U.S. at 32 (dictum).

The Eleventh Circuit requires specific reference to the United States Constitution and favors citations to federal cases. *Zeigler v. Crosby*, 345 F.3d 1300, 1307-08 and n.5 (11th Cir. 2003) ("Cursory and conclusional sentences (unaccompanied by citations to federal law) . . . did not present to the Florida courts the federal claim asserted to us."). This stricter standard requires petitioner to differentiate a claim under the United States Constitution from one under a state constitution. *Id.* at n.5; *McNair v. Hall*, 416 F.3d 1291, 1302-03 (11th Cir. 2005) ("a habeas applicant [must] do more than scatter some makeshift needles in the haystack of the state court record" (internal citations omitted)). If state and federal constitutional law overlap in their applicability to petitioner's claim, he must raise his issue in terms of the federal right in state court to obtain federal review of the issue. *Duncan*, 513 U.S. at 366; *see also Anderson*, 459 U.S. at 7 and n.3 (petitioner's citation to a state-court decision predicated solely on state law is probably insufficient to fairly apprise a reviewing court of a potential federal claim merely because the defendant in the cited state case advanced a federal claim).

A claim is procedurally defaulted and barred from federal review in two instances: (1) if it was raised in state court and rejected on the independent and

adequate state ground of procedural bar or default; or (2) if it was not properly raised in state court and can no longer be litigated under state procedural rules. *Coleman v. Thompson*, 501 U.S. 722, 734-35 and n.1, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999); *see also Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001) (state court's rejection of petitioner's constitutional claim on state procedural grounds generally precludes subsequent federal habeas review of that claim). Unless the federal court determines the state court "clearly and expressly" relied on independent and adequate state grounds, the federal court may address the petition.[7]  *Coleman*, 501 U.S. at 735. However, when any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine, the default is *per se* adequate state grounds independent of the federal question. *Id.* at 735 n.1; *Harris v. Reed*, 489 U.S. 255, 263 n.9, 109 S. Ct. 1038, 103 L. Ed. 2d 308 (1989) (federal habeas court need not require a federal claim be presented to a state court if the state court would hold the claim procedurally barred).

The adequacy of a state procedural bar to the assertion of a federal question is itself a federal question. *Lee*, 534 U.S. at 375. To foreclose federal review, the state procedural bar must be firmly established and regularly followed, that is, not applied in an arbitrary or unprecedented fashion. *Ford v. Georgia*, 498 U.S. 411, 423-24, 111 S. Ct. 850, 112 L. Ed. 2d 935 (1991). A state procedural bar is firmly established and regularly followed when the state has put litigants on notice of the rule, and the state has a legitimate interest in the rule's enforcement. *Siebert v. Allen*, 455 F.3d 1269, 1271 (11th Cir. 2006).

To overcome a procedural default so that the federal habeas court may reach the merits of a claim, petitioner must show either "cause for the default and actual

---

[7]The "adequate and independent state grounds" rule applies equally to procedural and substantive state-law grounds. *Lee v. Kemna*, 534 U.S. 362, 375 (2002).

prejudice resulting therefrom," or a fundamental miscarriage of justice. *Kelley v. Sec'y for the Dep't of Corr.*, 377 F.3d 1317, 1345 (11th Cir. 2004); *High v. Head*, 209 F.3d 1257, 1261 (11th Cir. 2000). Cause exists when an external impediment, such as governmental interference or the reasonable unavailability of the factual basis for the claim prevented petitioner from raising the claim. *McCleskey v. Zant*, 499 U.S. 467, 497 (1991) (superseded by AEDPA statute, but holding is still good law as cited and followed by the Eleventh Circuit in *High*, 209 F.3d at 1262-63). Recently the Supreme Court found cause due to petitioner's out-of-state counsel, who were on record as representing him in post-conviction proceedings, abandoned him without leave of court, without informing him they could no longer represent him, and without securing any recorded substitution of counsel. *Maples v. Thomas*, --- S. Ct.---, 2012 WL 125438, *14 (January 18, 2012). Therefore, petitioner had no knowledge that his time to appeal had lapsed, and showed ample cause to excuse the procedural default. *Id*.

To meet the miscarriage of justice exception, petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent" because "it is more likely than not that no reasonable juror would have convicted him." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995) (superseded by AEDPA statute, but holding is still good law as cited and followed by the Eleventh Circuit in *High*, 209 F.3d at 1270). Further:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.

*Id*. In short, actual innocence claims opening the gate for the miscarriage of justice exception are summarily rejected in virtually every case. *Id*.

## Deference to state court findings of fact

Federal habeas courts defer to the state court's findings of fact, unless petitioner shows by clear and convincing evidence that it was unreasonable. *See* 28 U.S.C. § 2254(d)(2); 28 U.S.C. § 2254(e)(1); *Callahan v. Hall*, 427 F.3d 897, 926 (11th Cir. 2005) (quoting the statute's language) ("[Section] 2254(d)(2) allows for relief where the state court adjudication 'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'"). Under the AEDPA, the state court does not have to explicitly state its findings of fact. *See Blankenship v. Hall*, 542 F.3d 1253, 1271-72 (11th Cir. 2008). State court findings of fact can be implied from the opinion and the record when they are necessary to the Rule 3.850 court's rejection of a petitioner's claim. *Id.* These implicit findings are entitled to deference. *Id.* As explained in the Standard of Review, *supra*, the state court is not required to cite or be aware of the relevant Supreme Court precedent as long as its conclusion is not contradictory. *Early*, 537 U.S. at 8. A summary adjudication with a brief, or total lack of, statement of reasons is still an adjudication on the merits. *Harrington*, 131 S. Ct. at 780, 784; *see Childers v. Floyd*, 642 F.3d 953, 968 (11th Cir. 2011) ("an 'adjudication on the merits' is best defined as any state court decision that does not rest solely on a state procedural bar.")

Under Eleventh Circuit precedent, the habeas court will "'look through' a summary decision to the 'last reasoned decision' on the issue." *McGahee v. Ala. Dep't of Corr.*, 560 F.3d 1252, 1262 n.12 (11th Cir. 2009) (quoting *Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1317 (11th Cir. 2006)); *see also Ylst v. Nunnemaker*, 501 U.S. 797, 802, 111 S. Ct. 2590, 115 L. Ed. 2d 706 (1991) (quoting *Coleman*, 501 U.S. at 740) (the *Harris* presumption only applies after the habeas court determines that

"'the relevant state court decision. . .fairly appear[s] to rest primarily on federal law or [is] interwoven with [federal] law.'")

## PETITIONER'S GROUNDS FOR RELIEF

**Ground 1**    [Mr. Stanley] was denied his Constitutional right to self-representation and court appointed counsel was forced upon him.

Mr. Stanley argues the trial court denied his motion for self-representation without cause (doc. 1, p. 4).   He contends that he is "literate, competent, understanding, and voluntarily exercised his informed free will by intelligently asserting his constitutional right to self-representation." *Id.* Mr. Stanley alleges that the trial court forced a court-appointed attorney despite knowing that he had a conflict of interest with the case.  *Id.*

### State Court Decision

The Rule 3.850 court held evidentiary hearings (ex. G and ex. N) and issued opinions denying post-conviction relief (ex. I and ex. O).  The Rule 3.850 court denied this claim because it was not cognizable under Rule 3.850 motion, and instead should have been raised on direct appeal (ex. I, p. 5).  It held that despite Mr. Stanley arguing that this constituted fundamental error by the trial court, Mr. Stanley was "incorrect."  *Id.*  In its denial the Rule 3.850 court concluded that the claim was procedurally barred.  *Id.*  The First DCA affirmed the Rule 3.850 court's decision as to this claim without discussing it in its opinion (ex. M).

### Federal Review of State Court Decision

Respondent contends that since Ground 1 was denied as procedurally barred by the Rule 3.850 court and not presented on direct appeal to the First DCA as required, then it is unexhausted (doc. 8, pp. 9-17).  The court agrees.  The Rule 3.850

court relied on the procedural bar as an independent basis for its decision (ex. I, p. 5).  The procedural bar is an adequate ground for the state court's denial of relief because it is firmly established and regularly followed in cases such as Mr. Stanley's.  *LeCroy v. Sec'y, Fla. Dep't of Corr.*, 421 F.3d 1237, 1260 (11th Cir. 2005) ("As this Court has concluded, if . . . the claim could have been raised [on direct appeal], but was not, it would be barred from any state collateral review, and likewise barred from federal review.") (internal quotations marks omitted); *see also Bell v. State of Fla.*, 965 So. 2d 48, 60 (Fla. 2007) (finding claim procedurally barred as a post-conviction claim because it could have been raised on direct appeal); *Teffeteller v. Dugger*, 734 So. 2d 1009, 1016 (Fla. 1999) (holding that substantive claims raised by post-conviction relief movant were procedurally barred because they could have been raised on direct appeal); *Koon v. Dugger*, 619 So. 2d 246, 247 (Fla. 1993) (holding that claims which either were or could have been raised on direct appeal are procedurally barred from review in a Rule 3.850 motion); *Smith v. State of Fla.*, 445 So. 2d 323, 325 (Fla. 1983) (holding that, "[i]ssues which either were or could have been litigated at trial and upon direct appeal are not cognizable through collateral attack").

Now, any further attempt at exhaustion in Florida courts would be futile because Mr. Stanley's claim would be procedurally barred under Florida law.  *See Rodriquez v. State of Fla.*, 919 So. 2d 1252, 1262 n. 7 (Fla. 2005) (holding that issues were procedurally barred because they should have been, but were not, raised on direct appeal); *Smith v. State of Fla.*, 445 So. 2d 323, 325 (Fla. 1983) ("Issues which either were or could have been litigated at trial and upon direct appeal are not cognizable through collateral attack.")  Based on the foregoing, this court defers to the state court's finding and considers the claim procedurally defaulted.  Mr. Stanley has made none of the requisite showings to excuse the default, which bars federal

habeas review of Ground 1.  *Coleman*, 501 U.S. at 734-35 and n.1; *Bailey*, 172 F.3d at 1302-03; *Judd*, 250 F.3d at 1313.


**Ground 2**     <u>The state failed to disclose favorable evidence that was material to the case.</u>

Mr. Stanley alleges that after the incident the state obtained sworn statements from eight eyewitnesses, but failed to disclose those in their original answer to his discovery request (doc. 1, pp. 4-5).  Almost a year later, the state amended their answer to include those witnesses and their statements.  *Id.*  Mr. Stanley admits that the witnesses were deposed, but those that he claims were favorable to him could not remember the event.  *Id*.

Mr. Stanley also contends that there was a video of the incident according to the victim's testimony at trial, but that the state declared that the area where the incident occurred was not under video surveillance.  *Id*. at 5.  Lastly, Mr. Stanley argues that the state failed to disclose an agreement with its witness Alfred Carter in exchange for his testimony.  *Id*. at 6.

Mr. Stanley presented this claim as three separate ones in his Rule 3.850 motion and addenda (ex. D, E, F, H).


<u>State Court Decision</u>

The Rule 3.850 court denied Mr. Stanley's claim concerning the witness statements because since he received them and even deposed the witnesses, this amounted to a discovery violation complaint, which is properly raised to the trial court judge at the time of trial and is not cognizable in a Rule 3.850 motion (ex. I, pp. 31-32).  The Rule 3.850 court also reasoned that even if this were a *Brady*[8] violation, Mr. Stanley could not establish prejudice because the witnesses claimed not to

---

[8]*Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L.Ed.2d 215 (1963)**.**

remember the incident; therefore, there was no reasonable probability that the outcome of the case would have been different. *Id.* The First DCA affirmed without commenting on this claim (ex. M).

As to the alleged video of the incident, after the evidentiary hearing (ex. G), the Rule 3.850 court ruled that Mr. Stanley failed to demonstrate that a videotape of the incident was made; thus, failing to meet his burden that the state suppressed any surveillance evidence (ex. I, pp. 32-33).  The First DCA affirmed without commenting on this claim (ex. M).

The Rule 3.850 court summarily denied the claim regarding the alleged agreement with Alfred Carter (ex. I, pp. 33-34), but on appeal, the First DCA reversed its ruling and remanded for an evidentiary hearing on the matter (ex. M).  At this second evidentiary hearing, after hearing testimony and reviewing the evidence, Mr. Stanley withdrew this claim (ex. O, p. 17).  The Rule 3.850 court agreed that based on the evidence, Mr. Stanley's allegations were unsupported.  *Id.*; ex. N.

## Federal Review of State Court Decision

Mr. Stanley alleges that the state committed *Brady* violations by failing to produce (1) the witness statements in a timely manner, (2) the videotape from the incident, and (3) its agreement with Alfred Carter in exchange for his testimony (doc. 1, pp. 4-6).  In *Brady,* the Supreme Court held that the suppression by the prosecution of evidence favorable to the accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution. *Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 1196-97, 10 L. Ed. 2d 215 (1963).  It is no longer imperative that there be a request for the production of such evidence. *Kyles v. Whitley*, 514 U.S. 419, 433-34, 115 S. Ct. 1555, 1565, 131 L. Ed. 2d 490  (1995); *United States v. Agurs*, 427 U.S. 97, 110, 96 S. Ct. 2392, 2401, 49 L. Ed. 2d 342 (1976); *see also United States v. Scheer*,

168 F.3d 445, 451 (11th Cir. 1999) (material favorable, exculpatory or impeachment evidence must be produced regardless of request).

A successful *Brady* violation claim requires a showing that: (1) the prosecution possessed evidence favorable to the accused (including impeachment evidence); (2) the defendant did not possess the evidence nor could he have obtained it himself with any reasonable diligence; (3) the prosecution suppressed the favorable evidence; and (4) had the evidence been revealed to the defense, there is a reasonable probability that the outcome of the proceedings would have been different. *Parker v. Allen*, 565 F.3d 1258, 1277 (11th Cir. 2009); *United States v. Simms,* 385 F.3d 1347, 1357 (11th Cir. 2004); *United States v. Vallejo,* 297 F.3d 1154, 1164 (11th Cir. 2002); *United States v. Schlei*, 122 F.3d 944, 989 (11th Cir. 1997). A "reasonable probability" is a "probability sufficient to undermine confidence in the outcome." *United States v. Bagley*, 473 U.S. 667, 682, 105 S. Ct. 3375, 3383, 87 L. Ed. 2d 481 (1985) (quoting *Strickland*, 466 U.S. at 694); *United States v. Scheer*, 168 F.3d 445, 451-52 (11th Cir. 1999). However, "a defendant need not show he would have received a different verdict with the evidence, but rather that the suppressed evidence 'could reasonably be taken to put the case in such a different light as to undermine confidence in the verdict.'" *Whisenhant v. Allen*, 556 F.3d 1198, 1205 (11th Cir. 2009) (quoting *Kyles*, 514 U.S. at 435). The law is clear that *Brady* requires disclosure of material impeachment evidence as well as material exculpatory evidence. *Mize v. Hall*, 532 F.3d 1184, 1193 (11th Cir. 2008).

A.     Witness Statements

Respondent argues that this claim is unexhausted because it was denied both on procedural grounds and on the merits (doc. 8, pp. 17-23). Since the First DCA affirmed without comment, it is unclear whether it based its affirmance on the Rule 3.850 court's procedural or merits reasoning. In an abundance of caution, the court

will address the merits of this claim, which ultimately leads to the same conclusion: denial of habeas relief.  Mr. Stanley cannot establish a *Brady* violation because he received the witness statements, albeit late.  Therefore, since he possessed the evidence at the time of his trial, this claim fails.  The state court's decision was not contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d)(1)(2); *Williams,* 529 U.S. at 409.  Mr. Stanley is not entitled to federal habeas relief, and the writ should not issue.

### B.    Video

Mr. Stanley's *Brady* claim as to the alleged video of the incident also fails.  At no point in the first evidentiary hearing or on appeal, did he establish that this video existed.   His entire reasoning is speculative at best.   The Rule 3.850 court's credibility assessment of the witnesses and its conclusion that the video in fact did not exist is entitled to deference.  Therefore, habeas relief is not warranted.  The state court's decision was not contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d)(1)(2); *Williams,* 529 U.S. at 409.  Mr. Stanley is not entitled to federal habeas relief, and the writ should not issue.

### C.    Alfred Carter

Mr. Stanley withdrew his claim as to the state's alleged agreement with Alfred Carter in his reply, and explained that the instant petition (doc. 1) was submitted prior to the second evidentiary hearing (ex. N) where he voluntarily dismissed it (doc. 12, p. 7).  Therefore, the court need not discuss the same.

**Ground 3     The jury was improperly instructed and rendered a defective verdict.**

Mr. Stanley alleges that "[t]he trial court instructed the jury that the victim was in the lawful execution of a legal duty for both charged offenses, which was a disputed element" (doc. 1, p. 7).  He also contends that the jury instructions were silent as to justifiable use of non-deadly force.  *Id*.

Mr. Stanley argues that because the jury found him guilty of resisting an officer with violence and the lesser included charge of battery as opposed to battery on a law enforcement officer, then the verdict is defective (doc. 1, p. 8).

Mr. Stanley presented this claim as two separate ones in his Rule 3.850 motion and addenda (ex. D, E, F, H).

### State Court Decision

After the first evidentiary hearing (ex. G), the Rule 3.850 court concluded that Mr. Stanley's claim as to the defective jury instructions should have been raised on direct appeal and was therefore procedurally barred (ex. I, pp. 7-8).  The First DCA affirmed the Rule 3.850 court's decision as to this claim without discussing it in its opinion (ex. M).

As to the defective jury verdict, the Rule 3.850 court found Mr. Stanley's argument speculative and incorrect because there were two separate charges (ex. I, pp. 6-7).  It explained that the jury's finding on count 2 did not negate its finding on count 1.  *Id*.  The Rule 3.850 court also reasoned that "the sufficiency of the evidence for the lesser included crime of Simple Battery cannot be considered when the evidence is sufficient to convict for the greater offense of Battery On A Law Enforcement Officer."  *Id*. at 7 citing *Bradford v. State of Fla.*, 567 So. 2d 911, 915 (Fla. 1st DCA 1990).

**Federal Review of State Court Decision**

**A.  Jury Instructions**

Respondent argues that Mr. Stanley did not exhaust his jury instruction claim (doc. 8, pp. 32-36).  The court agrees.  In his Rule 3.850 motion and addenda, Mr. Stanley alleged that the trial court erred because it failed to define "unlawful duty" in the jury instructions (exs. D, E, F, H).  The Rule 3.850 court addressed and denied that claim on procedural grounds (ex. I, pp. 7-8).  On appeal to the First DCA, Mr. Stanley made the same argument (ex. K, pp. 39-42).  Now, he instead alleges the trial court instructed the jury that the victim was performing a lawful duty and adds its omission of a self-defense instruction (doc. 1, pp. 6-8).  Because he did not present this specific claim to the Rule 3.850 court or to the First DCA on appeal, it was abandoned.

Now, any further attempt at exhaustion in Florida courts would be futile because Mr. Stanley's claim would be procedurally barred under Florida law.  *See Rodriquez v. State*, 919 So.2d 1252, 1262 n. 7 (Fla. 2005) (holding that issues were procedurally barred because they should have been, but were not, raised on direct appeal); *Smith v. State*, 445 So.2d 323, 325 (Fla. 1983) ("Issues which either were or could have been litigated at trial and upon direct appeal are not cognizable through collateral attack.")  Mr. Stanley has made none of the requisite showings to excuse his default.  This claim is therefore barred from federal review by this court. *Coleman*, 501 U.S. at 734-35 and n.1; *Bailey*, 172 F.3d at 1302-03; *Judd*, 250 F.3d at 1313.

**B.  Defective verdict**

Mr. Stanley argues that the jury's verdict is defective because he was convicted of resisting an officer with violence but not of battery on a law enforcement officer where both charges originated from the same event (doc. 1, pp. 6-8).  He instead was convicted of simple battery, the lesser included charge.  *Id.*

Under Florida law, as a general rule, inconsistent jury verdicts are permitted. *State of Fla. v. Hargrett*, 72 So. 3d 809, 811 (Fla. 4th DCA 2011). The true inconsistent verdict exception to the general rule comes into play when there is an acquittal on one count that negates a necessary element for conviction on another count. *Id*. That is considered a legally inconsistent verdict. *Id*. at 811-12. "Factually inconsistent verdicts" are permissible because they are ordinarily considered to arise from a jury's exercise of its inherent authority to acquit even if the facts support a conviction. *Shavers v. State of Fla.*, 86 So. 3d 1218, 1221 (Fla. 2d DCA 2012). They are also allowed because jury verdicts can be the result of lenity and therefore do not always speak to the guilt or innocence of the defendant. *Mantilla v. State of Fla.*, 38 So. 3d 196, 199 (Fla. 3d DCA 2010); *Dross v. State of Fla.*, 915 So. 2d 203, 205 (Fla. 5th DCA 2005).

The Supreme Court has repeatedly held that a federal habeas court is bound by a state court's interpretation of state law. *E.g., Bradshaw v. Richey*, 546 U.S. 74, 76, 126 S. Ct. 602, 604, 163 L. Ed. 2d 407 (2005) (Ohio transferred intent doctrine); *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 480, 116 L. Ed. 2d 385 (1991) (California rules of evidence); *accord Herring v. Sec'y, Dep't of Corrs.*, 397 F.3d 1338, 1354-55 (11th Cir. 2005) (Florida rules of evidence). Therefore, this court defers to the state court's interpretation of state law, which in this case is the Rule 3.850 court's determination that there was no legally inconsistent verdict, and Mr. Stanley's presumption was incorrect and speculative (ex. I, p. 7).

Moreover, as reasoned by the Rule 3.850 court, since there was sufficient evidence to convict Mr. Stanley of the charged offense and his counsel requested the inclusion of the lesser charge, he may not complain of his conviction on that lesser charge. *Bradford v. State of Fla.*, 567 So. 2d 911, 915 (Fla. 1st DCA 1990). A thorough review of the trial transcript by this court supports this finding, and it is entitled to deference.

Federal habeas relief is available to correct only federal constitutional injury. 28 U. S. C. § 2254(a); *Estelle*, 502 U.S. at, 67-68 (errors that do not infringe upon a

defendant's constitutional rights provide no basis for federal habeas corpus relief); *Wainwright v. Goode*, 464 U.S. 78, 83-84, 104 S. Ct. 378, 382, L. Ed. 2d 187 (1983); *Barclay v. Fla.*, 463 U.S. 939, 958-59, 103 S. Ct. 3418, 3429, 77 L. Ed. 2d 1134 (1983) ("mere errors of state law are not the concern of this Court unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution.") (internal citation omitted); *Carrizales v. Wainwright*, 699 F.2d 1053, 1054-55 (11th Cir. 1983).

"Questions of state law rarely raise issues of federal constitutional significance, because  [a] state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." *Tejada v. Dugger,* 941 F.2d 1551, 1560 (11th Cir. 1991) (internal quotations omitted).  State law issues may be reviewed in this federal forum only when "the alleged errors were so critical or important to the outcome of the trial to render the entire trial fundamentally unfair." *Id.* (internal quotations omitted).  The Supreme Court "ha[s] defined the category of infractions that violate 'fundamental fairness' very narrowly." *Estelle*, 502 U.S. at 352.  The instant case is not one in which there were such critical errors, if indeed there were any errors, that a constitutional violation is apparent.

The state court's ruling was not unreasonable under *Strickland*, did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d)(1)(2); *Williams,* 529 U.S. at 409.  Mr. Stanley is not entitled to federal habeas relief, and the writ should not issue.

## CONCLUSION

The undersigned has carefully reviewed the trial transcript, post-conviction motion and addenda, orders, records on appeal, and all submissions in this proceeding.  Mr. Stanley's claims were either abandoned, procedurally defaulted or are without merit.  He is not entitled to federal habeas relief.

## CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(a), Rules Governing Section 2254 Cases.  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is recommended that the court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If petitioner files an objection to this recommendation, he may bring this argument to the attention of the district judge in his objections.

Accordingly, it is respectfully RECOMMENDED:

1.      That the petition for writ of habeas corpus (doc. 1) challenging the conviction and sentence in *State of Florida v. Stanley*, in the Circuit Court of Leon County, Florida, case number 05CF03352, be DENIED and the clerk be directed to close the file.

2.      That a certificate of appealability be DENIED.

At Pensacola, Florida this 18th day of July, 2012.

/s/ *Miles Davis*

**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).